IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Vincent Daniel Banner, ) | Case No. 1:25-cv-01710-JDA |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Warden Graham, *FCI Williamsburg*, ) | |
| ) | |
| Respondent. ) | |

Petitioner, a federal prisoner, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241.  [Doc. 1.]  This matter is before the Court on Respondent's motion to dismiss or, in the alternative, for summary judgment.  [Doc. 17.]  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings.

The Clerk docketed Petitioner's Petition on March 13, 2025.  [Doc. 1.]  On June 26, 2025, Respondent filed a corrected motion to dismiss or, in the alternative, for summary judgment.[1]  [Doc. 17.]  On July 21, 2025, the Clerk docketed Petitioner's response opposing the motion.  [Doc. 18.]  On August 18, 2025, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Respondent's motion be granted.[2]  [Doc. 19.]  The Magistrate Judge advised the parties of the

---

[1] On May 15, 2025, Respondent had filed a different motion to dismiss or, in the alternative, for summary judgment [Doc. 11], but the Magistrate issued an order noting that evidence submitted in support of that motion concerned a different case that was before this Court and directing Respondent to refile a corrected motion [Doc. 15].

[2] The Magistrate Judge treated Respondent's motion as a motion for summary judgment, and this Court will do the same.  [Doc. 19.]

procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id*. at 13.] On September 2, 2025, the Clerk docketed objections from Petitioner. [Doc. 21.]

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## BACKGROUND

The applicable facts are recited in the Report:

> On February 16, 2016, Petitioner pleaded guilty in the United States District Court for the Southern District of Florida to Conspiracy to Interfere with Commerce by Threats of Violence (Hobbs Act Robbery) in violation of 18 U.S.C. § 1951(a) (Count 1); Conspiracy to Possess with Intent to Distribute Detectable Amounts of Tetrahydrocannabinol (THC) and Marijuana and One Kilogram or more of Hashish Oil in violation of 21 U.S.C. § 841 and 21 U.S.C. § 846 (Count

3); and Possession of a Firearm in furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A) (Count 5). *See United States v. Banner*, C/A No. 1:15-cr-20928-PAS (S.D. Fla.) ("*Banner I*"), ECF Nos. 23, 24. On May 26, 2016, the presiding district judge sentenced Petitioner to 53 months in prison—23 months each on Counts 1 and 3, to be served concurrently, and 30 months on Count 5, to be served consecutively to Counts 1 and 3. *See Banner I*, ECF No. 44. Petitioner served his sentence in BOP custody and, on July 19, 2019, was released to a term of supervised release. [ECF No. 17-1 ¶ 4].

On September 7, 2023, Petitioner was sentenced in the Southern District of Florida to 97 months imprisonment on new criminal charges of Conspiracy to Distribute a Controlled Substance in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846 (Count 1). *See United States v. Banner*, C/A No. 9:22-cr-80113-RLR (S.D. Fla.) ("*Banner II*"), ECF No. 53. The same day, the court revoked Petitioner's supervised release in *Banner I* based upon the new criminal conduct and sentenced him to prison for a term of 24 months. *See Banner I*, ECF No. 76. The sentences were to run concurrently. *See id.*

The BOP prepared a sentence computation and aggregated the two sentences, resulting in a total term of imprisonment of 97 months. [ECF No. 17-1 ¶ 7]. Petitioner was deemed ineligible to earn First Step Act, 18 U.S.C. § 3632(d)(4)(A) ("FSA"), time credits due to the original 18 U.S.C. § 924(c) conviction, for which he is currently serving the supervised release revocation term. *Id.* ¶ 8. Petitioner's projected release date is May 31, 2029, via Good Conduct Time release. *Id.* ¶ 3.

After exhausting his administrative remedies, *id.* ¶ 9, Petitioner filed this habeas petition on March 13, 2025, alleging the BOP erred in calculating his PATTERN score and thus improperly precluded him from earning and applying FSA time credits to his sentence. [ECF No. 1 at 9–13]. Specifically, Petitioner alleges the BOP erred by considering his Hobbs Act Robbery and section 924(c) convictions as violent offenses for the purpose of calculating his PATTERN score as High. *Id.* at 10–11, 13. Petitioner asserts that intervening changes in law prevent the BOP from considering these convictions as violent offenses when assessing risk as part of the PATTEN score determination. *Id.* at 10–11. Petitioner argues his PATTERN

3

> score should be recalculated and lowered to allow him to receive the "FSA time credits." *Id.* at 13.

[Doc. 19 at 2–4 (footnotes omitted).]

## **DISCUSSION**

In the Report, the Magistrate Judge recommends that the Court grant summary judgment to Respondent. [*Id.* at 6–12.] The Report concludes that "[a]lthough Petitioner challenges the BOP's calculation of his PATTERN score, his argument is immaterial because he is statutorily precluded from earning FSA time credits because he is currently serving a term of imprisonment for an offense specified in 18 U.S.C. § 3632(d)(4)(D)." [*Id.* at 6.] In his objections, Petitioner challenges that conclusion, arguing he finished serving the sentence for the offense specified in § 3632(d)(4)(D) and now is serving a separate sentence for which he is eligible for time credits under the FSA. [Doc. 21.]

The Court overrules Petitioner's objections. Approximately two months ago, the Fourth Circuit concluded, on essentially identical facts, that the BOP correctly determined that the prisoner was not eligible for time credits under the FSA. *See Bonnie v. Dunbar*, 157 F.4th 610, 618 (4th Cir. 2025) ("In short, we conclude that [18 U.S.C. ]§ 3584(c) applies when construing [18 U.S.C. ]§ 3632 and thus directs the BOP to treat multiple sentences as a single aggregate sentence for administrative purposes, including the computation of FSA time credits. [The prisoner-petitioner] is thus 'serving a sentence' in connection with his [conviction that is ineligible for time credits], defined by § 3584(c) to be his aggregate . . . sentence. As such, he is ineligible for FSA time credits under § 3632(d)(4)(D)."). The Court therefore agrees with the Magistrate Judge that Respondent is entitled to summary judgment.

**CONCLUSION**

The Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Respondent's motion for summary judgment [Doc. 17] is GRANTED and the Petition is DENIED.

**CERTIFICATE OF APPEALABILITY**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases; *see* Rule 1(b) of the Rules Governing Section 2254 Cases (stating that a district court may apply these rules to a habeas petition not filed pursuant to § 2254). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. In this case, the legal standard for the issuance of a certificate of appealability has not been met.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

January 16, 2026
Columbia, South Carolina